[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #144
Pursuant to the Common Interest Ownership Act, General Statutes §47-200 et seq.,[1] the plaintiff, Robert Lawrence Rowlands, commenced this action against the defendants, Commodore Commons Condominium Association, Inc. (association), Kenneth Moffat, a unit owner and officer of the association, and Vermont Mutual Insurance Company (Vermont Mutual), to recover for alleged damages to the common elements of the CT Page 10938 condominium of which the plaintiff is an owner. Moffat moves to strike the first count of the plaintiffs substitute complaint dated September 27, 1999, which alleges that Moffat breached his duty of care under General Statutes § 47-245 (a)[2] and the Declaration of Commodore Commons Condominium. Moffat argues that because he is a unit owner, he is entitled to the protection of General Statutes § 47-253.[3] In opposition to the motion, the plaintiff argues that the operative pleading is the second substitute complaint dated January 26, 2000. The plaintiff further argues that because his claim is against Moffat in his capacity as an officer of the association, and not against the association, §47-253 is inapplicable. Indeed, the plaintiff argues that count one sufficiently alleges that Moffat breached his statutory duty of care under § 47-245 (a).
In the present case, on January 18, 2000, the court, Curran, J., granted Vermont Mutual's motion to strike count three of the plaintiffs substitute complaint dated September 27, 1999. Thereafter, on January 31, 2000, the plaintiff filed a timely three-count second substitute complaint. See Practice Book § 10-44.[4] In count one of the second substitute complaint, the operative "complaint, the plaintiff alleges that Moffat was an officer of the association between 1995 and 1998, and as an officer he had a duty, pursuant to § 47-245 (a) and the Declaration of Commodore Commons Condominium, to maintain, repair and replace the common elements of the condominium. The plaintiff further alleges that Moffat breached his duty of care by negligently failing to maintain, repair and/or replace the common elements. Because the plaintiff alleges that Moffat, as an officer of the association, breached his duty of care, the court finds that § 47-253 is inapplicable. Therefore, count one alleges a legally sufficient claim against Moffat.
The motion to strike count one of the second substitute complaint is denied.
 THE COURT CURRAN, J.